IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN ZAPATA, an Individual and as Assignee, | ) ) ) | 8:12CV193 |
| Plaintiff, | ) ) | |
| v. | ) ) | **MEMORANDUM** |
| ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, and NATIONWIDE MUTUAL INSURANCE COMPANY, an Ohio Corporation, | ) ) ) ) ) ) ) | **AND ORDER** |
| Defendants. | ) | |

    This matter is before the court on Plaintiff John Zapata's ("Zapata") Motion to Remand. (Filing No. 4.) Also pending are Defendants' Motion for More Definite Statement (filing no. 5), Zapata's Objection to Defendants' Motion for More Definite Statement (filing no. 7), and Defendants' Motion to Conduct Limited Discovery (filing no. 8). For the reasons discussed below, Defendants shall have until July 9, 2012, to supplement the record with facts and evidence sufficient to establish this court's jurisdiction. Defendants' Motion for More Definite Statement and Motion to Conduct Limited Discovery are denied. Zapata's Objection to Defendants' Motion for More Definite Statement is granted.

**I.  BACKGROUND**

    On May 1, 2012, Zapata filed a complaint against Allied Insurance ("Allied") and Nationwide Mutual Insurance Company ("Nationwide") in the District Court of Sheridan County, Nebraska. (Filing No. 1 at CM/ECF p. 4.) In this complaint, Zapata asserted that (1) he was a resident of Lancaster County, Nebraska, (2) Allied was headquartered in Des Moines, Iowa, and (3) Nationwide was organized under the

laws of Ohio. (*Id*.) Zapata also alleged that Defendants wrongfully denied his insurance claim relating to property damage caused by a broken water line. (*Id*. at CM/ECF p. 5.) Zapata sought damages in "amount yet to be determined, plus costs, including an award of legal fees." (*Id*. at CM/ECF p. 6.)

On June 1, 2012, Defendants filed a Notice of Removal seeking to remove Zapata's state-court complaint to this court pursuant to 28 U.S.C. §§ 1441(a) and 1332. (*Id*. at CM/ECF p. 1.) In the Notice, Defendants state that the parties are diverse and the amount in controversy is "reasonably estimated to exceed $75,000.00." (*Id*. at CM/ECF p. 2.)

In response to Defendants' Notice, Zapata filed a Motion to Remand, arguing that the amount in controversy in this matter does not exceed $75,000.00. (Filing No. 4.) Defendants then filed a Motion for More Definite Statement, asking the court to, among other things, direct Zapata to make his "Prayer for Relief" more "definite and certain." (*Id*. at CM/ECF p. 2.) Zapata objected to Defendants' Motion for More Definite Statement, arguing that it is premature because the jurisdiction of this court has not yet been determined. (Filing No. 6.)

On June 20, 2012, Defendants filed a Motion to Conduct Limited Discovery along with a Brief in Support. (Filing Nos. 8 and 9.) In their Brief, Defendants ask the court to either deny Zapata's Motion to Remand, order Zapata to make his complaint more definite and certain by requiring him to state an amount in controversy, or permit limited discovery on the issue of damages. (Filing No. 9 at CM/ECF p. 9.)

II. ANALYSIS

Defendants seek to remove this matter on the basis of diversity jurisdiction. (Filing No. 1 at CM/ECF p. 1.) *See* 28 U.S.C. § 1332 (giving district courts original

jurisdiction over matters where there is diversity of citizenship and where the matter in controversy exceeds $75,000.00). Although Defendants state that the parties are diverse and that the amount in controversy in this action is "reasonably estimated to exceed $75,000.00[,]" Zapata's complaint does not specify an amount of damages and the amount of damages is not facially apparent. (*See* Filing No. 1 at CM/ECF pp. 2, 6.) "Where, as here, the complaint alleges no specific amount of damages . . . , the removing party . . . must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *In re Minn. Mut. Life Ins. Co.*, 346 F.3d 830, 834 (8th Cir. 2003). Defendants have not provided any facts or evidence to demonstrate that the amount in controversy exceeds $75,000.00. Moreover, in their Motion for More Definite Statement and Motion to Conduct Limited Discovery, Defendants acknowledge that the amount in controversy is unclear. (Filing No. 5 at CM/ECF p. 2; Filing No. 8 at CM/ECF p. 2.)

As discussed above, Defendants have asked the court to permit limited discovery on this issue of damages. (Filing No. 8.) However, such discovery should have been conducted at the state court level. Indeed, "defendants who wish to remove an action to federal court on diversity grounds may face daunting proof obstacles and difficult strategic choices, particularly as to whether to remove the case right away or to develop additional evidence on damages via discovery before pulling the removal trigger." *Lambeth v. Peterbilt Motors Co.*, No. 12-0169-WS-N, 2012 WL 1712692, at *5 (S.D. Ala. May 15, 2012); *see also* 28 U.S.C. § 1446(b) (providing that if the case as stated in the initial pleadings is not removable, the notice of removal may be filed within thirty days of when the defendant first discovers the case is removable); *In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000) (holding that "the thirty-day time limit of section 1446(b) begins running upon receipt of the initial complaint only when the complaint explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdictional amount"). Although Defendants argue that "there is a fundamental unfairness in requiring Defendants to prove Plaintiff's damages" at this stage of the proceedings (filing no. 8 at CM/ECF p. 8), such

3

"unfairness or hardship is not a valid reason to excuse removing defendants from their strict jurisdictional burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Lambeth*, 2012 WL 1712692, at *5. Accordingly, Defendants' Motion to Conduct Limited Discovery is denied.

Overall, Defendants' estimate of damages, standing alone, is insufficient to satisfy the jurisdictional requirements of 28 U.S.C. § 1332. *See, e.g., Hill v. Ford Motor Co.*, 324 F. Supp. 2d 1028, 1036 (E.D. Mo. 2004) ("Speculation and belief that plaintiff's damages exceed $75,000.00 are insufficient to meet the defendant's burden of proof . . . [A removing defendant must provide] some specific facts or evidence demonstrating that the jurisdiction amount has been met[.]"); *see also Bilal v Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990) (concluding that if the court or an opposing party challenges jurisdictional allegations, the burden of proof as to the existence of federal jurisdiction is on the party claiming that jurisdiction exists). However, on the court's own motion, Defendants shall have until July 9, 2012, to supplement the record with facts and evidence sufficient to establish, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. If Defendants fail to supplement the record, or fail to establish jurisdiction, the court will remand this matter to the District Court of Sheridan County, Nebraska.

In light of this, and because subject matter jurisdiction is still in question, the court will deny Defendants' Motion for More Definite Statement (filing no. 5) without prejudice to reassertion after subject matter jurisdiction is established.

IT IS THEREFORE ORDERED that:

1. The court will defer ruling on the Motion to Remand and Defendants shall have until July 9, 2012, to supplement the record with facts and evidence sufficient to establish this court's jurisdiction.

2. If Defendants fail to supplement the record, or fail to establish jurisdiction, the court will remand this matter to the District Court of Sheridan County, Nebraska.

3. Defendants' Motion for More Definite Statement (filing no. 5) and Motion to Conduct Limited Discovery (filing no. 8) are denied.

4. Zapata's Objection to Defendants' Motion for More Definite Statement (filing no. 7) is granted.

5. The Clerk of Court is directed to set a pro se case management deadline in this case with the following text: "July 9, 2012: Check for supplement."

DATED this 25th day of June, 2012.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.