IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN ZAPATA, an Individual and as Assignee, | ) ) ) | 8:12CV193 |
| Plaintiff, | ) ) | |
| v. | ) ) | **MEMORANDUM AND ORDER** |
| ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, and NATIONWIDE MUTUAL INSURANCE COMPANY, an Ohio Corporation, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court on Plaintiff John Zapata's ("Zapata") Motion to Remand. (Filing No. 4.) For the reasons discussed below, the Motion is granted.

**I.    BACKGROUND**

On May 1, 2012, Zapata filed a complaint against Allied Insurance ("Allied") and Nationwide Mutual Insurance Company ("Nationwide") in the District Court of Sheridan County, Nebraska. (Filing No. 1 at CM/ECF p. 4.) In this complaint, Zapata asserted that (1) he was a resident of Lancaster County, Nebraska, (2) Allied was headquartered in Des Moines, Iowa, and (3) Nationwide was organized under the laws of Ohio. (*Id*.) Zapata also alleged that Defendants wrongfully, and in bad faith, denied his insurance claim relating to property damage caused by a broken water line. (*Id*. at CM/ECF p. 5.) Zapata sought damages in an "amount yet to be determined, plus costs, including an award of legal fees." (*Id*. at CM/ECF p. 6.)

On June 1, 2012, Defendants filed a Notice of Removal seeking to remove Zapata's state-court complaint to this court pursuant to 28 U.S.C. §§ 1441(a) and

1332. (*Id*. at CM/ECF p. 1.) In the Notice, Defendants stated that the parties are diverse and the amount in controversy is "reasonably estimated to exceed $75,000.00." (*Id*. at CM/ECF p. 2.) In response to Defendants' Notice, Zapata filed a Motion to Remand, arguing that the amount in controversy in this matter does not exceed $75,000.00. (Filing No. 4.)

On June 26, 2012, the court reviewed Zapata's Motion to Remand and stated:

> Defendants seek to remove this matter on the basis of diversity jurisdiction. (Filing No. 1 at CM/ECF p. 1.) *See* 28 U.S.C. § 1332 (giving district courts original jurisdiction over matters where there is diversity of citizenship and where the matter in controversy exceeds $75,000.00). Although Defendants state that the parties are diverse and that the amount in controversy in this action is "reasonably estimated to exceed $75,000.00[,]" Zapata's complaint does not specify an amount of damages and the amount of damages is not facially apparent. (*See* Filing No. 1 at CM/ECF pp. 2, 6.) "Where, as here, the complaint alleges no specific amount of damages . . . , the removing party . . . must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *In re Minn. Mut. Life Ins. Co.*, 346 F.3d 830, 834 (8th Cir. 2003). Defendants have not provided any facts or evidence to demonstrate that the amount in controversy exceeds $75,000.00.
>
> . . . .
>
> However, on the court's own motion, Defendants shall have until July 9, 2012, to supplement the record with facts and evidence sufficient to establish, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. If Defendants fail to supplement the record, or fail to establish jurisdiction, the court will remand this matter to the District Court of Sheridan County, Nebraska.

(Filing No. 10 at CM/ECF pp. 2-3.)

2

On June 26, 2012, Zapata filed a Supplemental Reply to Defendants' Brief in Opposition to his Motion to Remand. (Filing No. 11.) In the Supplemental Reply, Zapata stated that on November 10, 2009, he submitted an insurance claim to Defendants for damages in the amount of $57,413.00. (*Id*.) However, he also states that this amount is not the "final amount" of his claim. (*Id*.)

On July 9, 2012, Defendants filed a Supplement along with an Index of Evidence and an Affidavit in Support. (Filing Nos. 12, 13, and 14.) In the Index of Evidence, Defendants filed a copy of a loss notice referencing Policy #ACP7203117841, the policy Zapata identifies in his complaint. (Filing No. 13-2; Filing No. 1 at CM/ECF p. 5.) This policy has limits of $120,000.00. (Filing Nos. 13-2 and 14.) Defendants argue that "a fact finder could legally conclude by a preponderance of the evidence that the amount in controversy is greater than $75,000.00 when the amount of $57,413.00 . . . and the facts surrounding the purported limits of the policy as noted on the Plaintiff's Loss Notice are added to the unspecified general damages purported claim for first-party bad faith." (Filing No. 12 at CM/ECF p. 2.)

## II. ANALYSIS

In order to avoid remand, Defendants must prove by a preponderance of the evidence that the amount in controversy at the time of removal exceeded $75,000.00. *In re Minn. Mut. Life Ins. Co.*, 346 F.3d at 834. As discussed above, Defendants argue that, in determining the amount in controversy, the court should consider (1) the facts surrounding the insurance policy limits as noted on Zapata's loss notice, and (2) the unspecified general damages of Zapata's bad faith claim. (Filing No. 12 at CM/ECF p. 2.) The court will explore each argument in turn.

### A. Policy Limits

Insurance policy limits are relevant to determining the amount in controversy when the validity of the entire policy is at issue or the value of an underlying tort claim exceeds the limits. *See Scottsdale Ins. Co. v. Universal Crop Protection Alliance, LLC*, 620 F.3d 926, 932 (8th Cir. 2010) (citing *Budget Rent-A-Car v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997)). However, where a case involves the applicability of an insurance policy to a particular occurrence, "the jurisdictional amount in controversy is measured by the value of the underlying claim . . . not the face amount of the policy." 14AA Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3710 (4th ed. 2012).

Here, Defendants have not provided any evidence to show that the validity of the insurance policy is at issue. Moreover, Zapata's allegations relate to the applicability of Policy #ACP720311784 to a particular occurrence, namely, damage caused to Zapata's property by a broken water line. (Filing No. 11; Filing No. 1 at CM/ECF p. 5.) In light of this, the court will measure the amount in controversy by the value of Zapata's claim and not the policy limits.

### B. Bad Faith Claim

Defendants also ask the court to consider the unspecified general damages of Zapata's bad faith claim. Defendants cite to *LeRette v. Am. Med. Security, Inc.*, 705 N.W.2d 41, 47 (Neb. 2005), to show that, in certain situations, Nebraska recognizes first-party bad faith claims for general damages in connection with insurance policies. (Filing No. 12 at CM/ECF p. 2.) However, Defendants have not provided any evidence to show that the facts in this case present a similar situation to that in *LeRette*, nor have they provided any evidence to show the value of Zapata's bad faith

4

claim.[1] (*See* Filing No. 12.) In short, speculation and belief that Zapata's damages exceed $75,000.00 are insufficient to meet Defendants' burden of proof. *See, e.g., Hill v. Ford Motor Co.*, 324 F. Supp. 2d 1028, 1036 (E.D. Mo. 2004) (concluding a removing defendant must provide some specific facts or evidence demonstrating that jurisdiction has been met).

Overall, the court finds that Defendants have not proven by a preponderance of the evidence that, at the time of removal, Zapata's claims exceeded $75,000.00. Indeed, a district court is required to resolve all doubts about federal jurisdiction in favor of remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

IT IS THEREFORE ORDERED that:

1. Zapata's Motion to Remand (filing no. 4) is granted.

2. This matter is dismissed without prejudice and hereby remanded to the District Court of Sheridan County, Nebraska.

3. The clerk's office shall mail a copy of this Memorandum and Order to the District Court of Sheridan County, Nebraska, and may take any other action necessary to effectuate the remand.

4. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 15th day of August, 2012.

---

[1] In *LaRette*, the Nebraska Supreme Court reversed a $25,000.00 verdict for a bad faith claim. 705 N.W.2d at 45-46, 51.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.